## ON PETITION FOR REHEARING

## PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

OVERTON WAYNE PAULEY,
　　　　　　*Defendant-Appellant.*

No. 00-4359

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-48)

Argued: January 25, 2002

Decided: April 22, 2002

Opinion on Rehearing Filed: September 18, 2002

Before WIDENER and GREGORY, Circuit Judges, and
Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Prior panel opinion modified and district court judgment affirmed by published per curiam opinion.

---

## COUNSEL

**ARGUED:** David Robert Bungard, ROBINSON & MCELWEE, L.L.P., Charleston, West Virginia, for Appellant. John Castle Parr,

Assistant United States Attorney, Huntington, West Virginia, for
Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney,
Stephanie Taylor, Student Intern, Huntington, West Virginia, for
Appellee.

---

## OPINION

PER CURIAM:

Overton Wayne Pauley was indicted for and convicted of a drug
offense. He appealed his conviction and we vacated and remanded in
part and affirmed in part, by published opinion. *United States v. Pau-
ley*, 289 F.3d 254 (4th Cir. 2002). We now grant appellee's petition
for rehearing and, after having had the benefit of briefing and dispens-
ing with oral argument, modify our prior opinion, in light of the
United States Supreme Court decision in *United States v. Cotton*, 122
S. Ct. 1781 (2002), so as to affirm the sentence that we previously
vacated.

Under the standard of "plain error" appellate review set forth by the
Supreme Court in *Cotton*, we are required to affirm the district court's
original sentence where, as here, there is "overwhelming" and "essen-
tially uncontroverted," *Cotton*, 122 S. Ct. at 1786, evidence of the
defendant's participation in a drug crime involving at least as great a
drug quantity as is required to support the relevant § 841(b)(1) sen-
tence maximum. The district court sentenced Pauley to 40 years
imprisonment, the statutory maximum authorized by § 841(b)(1)(B).
Section 841(b)(1)(B) is triggered by either 5 grams or more of
methamphetamine or 50 grams or more of a mixture containing a
detectable amount of methamphetamine. Because there was over-
whelming and unconverted evidence that Pauley participated in a
drug crime involving at least 56 grams of methamphetamine, and
Pauley's sentence did not exceed the maximum allowable under
§ 841(b)(1)(B), we affirm his original sentence.

We leave our prior panel opinion intact in all other respects.

*It is so ordered.*